Ryu v. Hope Bancorp, Inc. Mr. Harvey, good morning. Good morning. My name is Steve Harvey. I'm an attorney in Philadelphia. May it please the Court, my client is Appellant James Rue. We are here on an advancement action under a contract, and we're in court because of federal diversity jurisdiction. The underlying case that was the basis for advancement was brought in federal court in New Jersey against my client, Mr. Rue. The advancement action to enforce his rights to have his fees for that action was brought in the Southern District of New York because there was a venue provision in the contract that required it to be done so, so that's why we're here. We discovered that contract requiring advancement in late 2017 and brought an action in 2018 after Hope Bancorp refused to pay. We sought to be compensated for all the time that the attorneys had spent since May of 2015 at 150% of our then standard rates, which is the agreement that we had reached with our client when he engaged us in May 2015. So when we met with him, he didn't have any attorney. He was being sued by his former company with very serious charges, and we agreed to undertake that representation without knowing whether we thought we would be paid someday. We thought we would win the case, but there's certainly a risk of nonpayment at all if he lost the case, and there was a delay in payment. I thought the contract provided that in any case he had to pay you. Oh, the contract absolutely provides that he has to pay us in any case. Yes, Your Honor. It's not a true contingency arraignment. Yeah, that issue about it being a contingency was raised by Hope Bancorp, and then it was dropped when it dropped its appeal. So that issue, I don't believe, is before the Court now. The only issue is whether or not the judge, whether we argue that clearly the judge erred in applying federal case law. The Delaware Valley 2 case from the Supreme Court, which I like to call the Clean Air Council case, is the one that holds that enhancements of the type we agreed to with our client are not permissible under federal attorney's fee statutes, and she used that as a basis for denying the request. And when the issue was raised, we pointed out in the brief, in our reply brief, that this is not an issue governed by federal law. This is an issue governed by contract. We were clearly there under Section 1331, diversity of jurisdiction. Ruling on the contract. I mean, you know, that she was saying, look, this is the contract, and this is what you're provided for, and you don't get that under this contract. Well, no, I think she was saying you don't get it under this contract because it violates this principle. Clearly the contract says we get it. It's spelled out in black and white. What do we make of the fact that, I mean, maybe you raised this in your reply brief, but the fact that I guess it's New Jersey law. Yes. That you're arguing should have been used here. But you didn't cite New Jersey cases in your opening brief. Did you cite them in the reply brief? We did cite them. No, we didn't cite the specific. We made the point. Here's what we did. They raised in their opposition this point that we were, and they cited a federal case. And they raised many other points in their briefs. And we argued in this one, well, that's wrong because federal law does not apply here, which is the point we're making now. So the only thing we didn't do was go one step farther and say, and look, there's all this case law under New Jersey's attorney's fee statutes, and that would be a very helpful point to us. But it really isn't exactly on point because we're not here under a New Jersey attorney's fee statute. We're here under this advancement, under a contract. But to the extent you're looking to federal law to say we can't do that at all, well, clearly that's inconsistent with New Jersey law. But the point is it's not governed by federal law. It's governed by New Jersey law. And there is no such limitation. So bottom line is even if we had raised the right to wait, to rely on the specific case law, the Rendine case and the other case, we'd still be before you here arguing this issue. Because we raised, we clearly preserved the argument that it was not waived under federal law. We made that explicitly in the contract. And we argue that it's just simply unfair. So it doesn't really, I submit to your honors. All right. The contract, what contract are you talking about? The merger agreement refers to New York law, but then it refers back to New Jersey, to the provision about compensation under the New Jersey bylaws to the extent possible, right? Yes. Ron, I've never been quite sure what state law we're referring to and how it's really inconsistent with federal law. Well, what the law that we're referring to here is the law of New Jersey on advancement of attorney's fees, right? Yes. Where's the case? And where's the? Because it has to be done differently from what the district judge did here. We didn't. We just argued that it was reasonable. The issue we thought before the district court on submission of our attorney's bills was whether they were reasonable. We argued that they were reasonable at 150 percent. And the judge said, no, under this applicable federal law, you can't get 150 percent. You can get only 100 percent. And as to that, we had said, well, that clearly does not apply. We did not offer the additional information that there is New Jersey case law that goes the other way. That would have been helpful, but if we were here without that New Jersey case law, I'd still be winning this argument today because we'd be arguing about whether it was fair and whether. So this is not an issue that we didn't raise. This is an additional level of detail that we didn't. In the context of an advancement summary proceeding that took all of last summer, we filed the action in early 2018. We won summary judgment in April. We litigated the fees all summer. Then we litigated a stay pending appeal all fall with two trips to this court. All this entire time, my law firm doing this on the hope that we would someday get paid, which seemed quite risky at some points. And so we argued that it was simply not fair. And so for the same reasons, I argue to this court, and I'm just about to run out of time, that it is unfair and that the waiver doctrine doesn't apply here. And if you look at the statute, which we've cited in our brief, 28 U.S.C. 636B1C, it says the district court has to review things de novo anyway. I have nothing further unless the court has questions.